ROBERT E. OPERA -- State Bar No. 101182
ropera@winthropcouchot.com
ANDREW LEVIN – State Bar No. 290209
alevin@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone:  (949) 720-4100
Facsimile:   (949) 720-4111

[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>BRAND AFFINITY TECHNOLOGIES, INC., a Delaware corporation,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 8:14-bk-17244 SC<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S CASE STATUS REPORT**<br><br>**DATE:**    January 29, 2015<br>**TIME:**    11:00 A.M.<br>**PLACE:**   Courtroom 5C<br>                Ronald Reagan Federal Building<br>                and United States Courthouse<br>                411 West 4th Street<br>                Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST:**

Brand Affinity Technologies, Inc., the debtor and debtor-in-possession ("Debtor") in the above-captioned Chapter 11 case ("Bankruptcy Case") hereby submits the following Status Report in response to the Court's Order (1) Setting Scheduling Hearing and Case Management Conference and (2) Requiring Status Report [Docket No. 13].

A. **The Events That Precipitated the Filing of the Bankruptcy Case.**

The Debtor's business is deteriorating and the Debtor is experiencing severe financial difficulties. The Debtor's financial difficulties are attributable primarily to the following: reduced revenues and conversion rates as consumers have moved towards mobile use and consumption of photos; increased labor costs to capture photos; increased licensing fees for branded marks used in the sale of photo products charged by National Football League teams, Major League Baseball teams and by other entities; increased constraints placed by trading partners on marketing activities; increased overhead costs to support proposed growth initiatives; the substantial legal fees incurred by the Debtor to defend a pending class action lawsuit filed against the Debtor in June 2013 (<u>Yahchaaroah Lightbourne v. Printroom, Inc., Professional Photo Storefronts, Inc., Brand Affinity Technologies, Inc., and CBS Interactive, Inc.</u>) ("Lightbourne Action"); and the uncertainty and disruption associated with the Lightbourne Action and the counter-claims asserted against the Debtor by CBS Interactive, Inc. ("CBSI") in connection therewith, particularly with respect to capital raising activities for the Debtor. These financial difficulties caused cash flow problems for the Debtor, and, as a consequence, the Debtor failed to pay timely numerous creditors. The Debtor acted diligently to reduce its operating expenses and to restructure its obligations with its creditors in order to attempt to achieve positive cash flow, but these efforts ultimately were not successful. Moreover, given the Debtor's financial difficulties and the pendency of the Lightbourne Action, the Debtor has been unable to obtain financing or equity infusions in an amount adequate to sustain the Debtor's ongoing operations.

The Debtor's operations currently are unprofitable and the Debtor believes that it is unlikely that it will be able to stem its operating losses. The Debtor has concerns, therefore, regarding the viability of the Debtor's business.

Based upon the foregoing, the Debtor has determined that the best means for maximizing the value of the Debtor's assets is to attempt to sell as expeditiously as possible the Debtor's business as a going concern, and, toward that end, has identified a stalking horse bidder ("Stalking Horse Bidder") as a purchaser of substantially all of the assets of the Debtor's business. Given the

Debtor's financial difficulties and unpaid debt, the Stalking Horse Bidder requires that the sale be consummated pursuant to a sale process in Chapter 11.

Accordingly, in order to preserve the value of the Debtor's assets for the benefit of the Debtor's creditors, the Debtor filed a voluntary Chapter 11 petition for relief on December 15, 2014 ("Petition Date"), intends to pursue, subject to the approval of this Court, a sale of substantially all of the Debtor's assets, subject to an open and competitive bidding process.

### B. The Status of the Debtor's Post-Petition Operations and Its Major Assets and Liabilities.

The Debtor continues to operate its businesses and manage its financial affairs as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No committee of unsecured creditors has been formed and no trustee has been appointed in the Bankruptcy Case.

The Debtor's major assets include the following: debtor-in-possession banking accounts; security deposits with The Irvine Company and the California State Board of Equalization; interests in insurance policies; 1,704,060 shares of Common Stock and 852,030 shares of Series A-1 Preferred Stock in Veritone, Inc.; trade and other receivables; a cross-claim against CBSI in the Lightbourne Action; patents, trademarks, domain names, and other intellectual property interests; computers, office equipment and furnishings; photography equipment; frames and photo paper; and prepaid insurance.

The Debtor's major liabilities include only unsecured liabilities. The Debtor's unsecured liabilities include: employee claims for wages; tax liabilities; trade claims; pending litigation in the Lightbourne Action; pending litigation against CBSI; promissory notes held by Newport Coast Investments, LLC in the amount of $774,824.66; and contractual obligations to Premier Credit of North America, LLC and Professional Photo Storefronts, Inc., pursuant to a pre-petition asset purchase agreement.

### C. The Status of Pre-petition and Post-petition Litigation.

As stated above, the Lightbourne Action, a pending class action lawsuit filed against the Debtor, was filed in June 2013. The Debtor and the class action claimants who are the plaintiffs in the Lightbourne Action reached pre-petition a settlement which provides, in part, for the Debtor's

transfer to the class action claimants of any and all claims arising out of the Lightbourne Action that the Debtor asserts or may assert, including any and all claims against CBSI. The proposed settlement is subject to the approval of the District Court for the Central District of California and this Court. The Debtor intends to file, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, a motion to obtain this Court's approval of the proposed settlement. A Notice of Stay of Proceedings as to Brand Affinity Technologies, Inc. was filed in the Lightbourne Action on December 16, 2014.

There is no post-petition litigation related to the Bankruptcy Case.

### D. Potential Avoidance Actions.

The Debtor has not yet analyzed potential avoidance actions. Payments made to non-insiders within ninety days, and payments made to insiders within one year, prior to the initiation of the Bankruptcy Case are listed in the Statement of Financial Affairs, filed on January 5, 2015 [Docket No. 23].

### E. Professionals Retained by the Debtor.

The Debtor has retained, subject to Court approval, Winthrop Couchot Professional Corporation as the Debtor's general insolvency counsel. The Debtor intends to file promptly its application to employ Winthrop Couchot Professional Corporation.

### F. Other Professionals Retained by the Debtor.

The Debtor has retained, subject to Court approval, GlassRatner Advisory & Capital Group, LLC ("GlassRatner"), as Debtor's financial advisors, to assist the Debtor in the marketing of the Debtor's assets, identifying potential bidders for the Debtor's assets, the sale of the Debtor's assets, and obtaining Court approval of the sale of the Debtor's assets. The Debtor intends to file promptly its application to employ GlassRatner.

### G. Whether the Debtor is in Compliance With All of Its Duties Under 11 U.S.C. §§ 521, 1106 and 1107 and All Applicable Guidelines of the Office of the United States Trustee.

The Debtor believes that it is in material compliance with all of its duties under 11 U.S.C. §§ 521, 1106 and 1107 and all applicable guidelines of the Office of the United States Trustee.

### H. Whether the Bankruptcy Case is a Small Business Case Within the Meaning of 11 U.S.C. §101(51D).

The Bankruptcy Case is not a small business case within the meaning of 11 U.S.C. §101(51D).

### I. Whether the Bankruptcy Case is a Single Asset Real Estate Case Within the Meaning of 11 U.S.C. §101(51B).

The Bankruptcy Case is not a single asset real estate case within the meaning of 11 U.S.C. §101(51B).

### J. Proposed Deadline for Filing and Serving a Disclosure Statement and Plan of Reorganization.

In the event that the filing of a plan of reorganization is appropriate in the Bankruptcy Case, the Debtor anticipates that it will file a plan of reorganization and accompanying disclosure statement within the first 180 days after the Petition Date.

### K. Proposed Deadline for Filing Proofs of Claims.

The Debtor respectfully requests that the Court fix the deadline for filing proofs of claims (the "Bar Date") in the Bankruptcy Case as sixty (60) days from the date of service of the notice of the Bar Date, except for the claims of governmental units which may be filed in accordance with the provisions of Rule of the Federal Rules of Bankruptcy Procedure.

### L. Proposed Deadline for Filing Objections to Claims.

The Debtor proposes that the deadline for filing objections to claims to be fixed pursuant to the provisions of any plan of reorganization confirmed in the Bankruptcy Case.

///

**M. Proposed Deadline for Filing Any Avoidance Actions.**

The Debtor proposes that the deadline for filing any avoidance actions be fixed pursuant to the provisions of any plan of reorganization confirmed in the Bankruptcy Case.

DATED: January 15, 2015

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: /s/ *Andrew B. Levin*
    Robert E. Opera
    Andrew Levin
[Proposed] General Insolvency Counsel for Debtor and Debtor-in-Possession

# DECLARATION OF MYDUNG TRAN

I, Mydung Tran, hereby declare and state as follows:

1. I am the Chief Financial Officer and President of Debtor Brand Affinity Technologies, Inc. ("Debtor"). The matters set forth herein are within my own personal knowledge, and, if called upon as a witness, I could and would competently testify thereto. This Declaration is provided in support of the Debtor's Case Status Report.

2. The Debtor continues to operate its businesses and manage its financial affairs as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No committee of unsecured creditors has been formed and no trustee has been appointed in the Bankruptcy Case.

3. The Debtor's business is deteriorating and the Debtor is experiencing severe financial difficulties. The Debtor's financial difficulties are attributable primarily to the following: reduced revenues and conversion rates as consumers have moved towards mobile use and consumption of photos; increased labor costs to capture photos; increased licensing fees for branded marks used in the sale of photo products charged by National Football League teams, Major League Baseball teams and by other entities; increased constraints placed by trading partners on marketing activities; increased overhead costs to support proposed growth initiatives; the substantial legal fees incurred by the Debtor to defend a pending class action lawsuit filed against the Debtor in June 2013 (<u>Yahchaaroah Lightbourne v. Printroom, Inc., Professional Photo Storefronts, Inc., Brand Affinity Technologies, Inc., and CBS Interactive, Inc.</u>) ("Lightbourne Action"); and the uncertainty and disruption associated with the Lightbourne Action and the counter-claims asserted against the Debtor by CBS Interactive, Inc. ("CBSI") in connection therewith, particularly with respect to capital raising activities for the Debtor. These financial difficulties caused cash flow problems for the Debtor, and, as a consequence, the Debtor failed to pay timely numerous creditors. The Debtor acted diligently to reduce its operating expenses and to restructure its obligations with its creditors in order to attempt to achieve positive cash flow, but these efforts ultimately were not successful. Moreover, given the Debtor's financial difficulties and the pendency of the Lightbourne Action, the Debtor has been unable to obtain financing or equity infusions in an amount adequate to sustain the Debtor's ongoing operations.

4.    The Debtor's operations currently are unprofitable and the Debtor believes that it is unlikely that it will be able to stem its operating losses. The Debtor has concerns, therefore, regarding the viability of the Debtor's business.

5.    Based upon the foregoing, the Debtor has determined that the best means for maximizing the value of the Debtor's assets is to attempt to sell as expeditiously as possible the Debtor's business as a going concern, and, toward that end, has identified a stalking horse bidder ("Stalking Horse Bidder") as a purchaser of substantially all of the assets of the Debtor's business. Given the Debtor's financial difficulties and unpaid debt, the Stalking Horse Bidder requires that the sale be consummated pursuant to a sale process in Chapter 11.

6.    Accordingly, in order to preserve the value of the Debtor's assets for the benefit of the Debtor's creditors, the Debtor filed a voluntary Chapter 11 petition for relief on December 15, 2014 ("Petition Date"), intends to pursue, subject to the approval of this Court, a sale of substantially all of the Debtor's assets, subject to an open and competitive bidding process.

7.    The Debtor's major assets include the following: debtor-in-possession banking accounts; security deposits with The Irvine Company and the California State Board of Equalization; interests in insurance policies; 1,704,060 shares of Common Stock and 852,030 shares of Series A-1 Preferred Stock in Veritone, Inc.; trade and other receivables; a cross-claim against CBSI in the Lightbourne Action; patents, trademarks, domain names, and other intellectual property interests; computers, office equipment and furnishings; photography equipment; frames and photo paper; and prepaid insurance.

8.    The Debtor's major liabilities include only unsecured liabilities. The Debtor's unsecured liabilities include: employee claims for wages; tax liabilities; trade claims; pending litigation in the Lightbourne Action; pending litigation against CBSI; promissory notes held by Newport Coast Investments, LLC in the amount of $774,824.66; and contractual obligations to Premier Credit of North America, LLC and Professional Photo Storefronts, Inc., pursuant to a pre-petition asset purchase agreement.

9.    The Lightbourne Action, a pending class action lawsuit filed against the Debtor, was filed in June 2013. The Debtor and the class action claimants who are the plaintiffs in the

1  transfer to the class action claimants of any and all claims arising out of the Lightbourne Action
2  that the Debtor asserts or may assert, including any and all claims against CBSI. The proposed
3  settlement is subject to the approval of the District Court for the Central District of California and
4  this Court. The Debtor intends to file, pursuant to Rule 9019 of the Federal Rules of Bankruptcy
5  Procedure, a motion to obtain this Court's approval of the proposed settlement. A Notice of Stay
6  of Proceedings as to Brand Affinity Technologies, Inc. was filed in the Lightbourne Action on
7  December 16, 2014.

8      10.    The Debtor has retained, subject to Court approval, Winthrop Couchot Professional
9  Corporation as the Debtor's general insolvency counsel. The Debtor intends to file promptly its
10 application to employ Winthrop Couchot Professional Corporation.

11     11.    The Debtor has retained, subject to Court approval, GlassRatner Advisory &
12 Capital Group, LLC ("GlassRatner"), as Debtor's financial advisors, to assist the Debtor in the
13 marketing of the Debtor's assets, identifying potential bidders for the Debtor's assets, the sale of
14 the Debtor's assets, and obtaining Court approval of the sale of the Debtor's assets. The Debtor
15 intends to file promptly its application to employ GlassRatner.

16     I declare under penalty of perjury that the foregoing is true and correct.
17     Executed this 15th day of January 2015 at Irvine, California.

                                                    _____
                                                    Mydung Tran

## DECLARATION OF ANDREW LEVIN

I, Andrew Levin, declare and state as follows:

1. I am an attorney in the law firm of Winthrop Couchot Professional Corporation (the "Firm"), proposed general insolvency counsel to Debtor Brand Affinity Technologies, Inc. ("Debtor"), and am authorized to make this declaration. I have personal knowledge of the facts set forth herein, and, if called upon to testify, I could and would do so competently and truthfully. This Declaration is provided in support of the Debtor's Case Status Report.

2. There is no post-petition litigation related to the Bankruptcy Case.

3. The Debtor has not yet analyzed potential avoidance actions. Payments made to non-insiders within ninety days, and payments made to insiders within one year, prior to the initiation of the Bankruptcy Case are listed in the Statement of Financial Affairs, filed on January 5, 2015 [Docket No. 23].

4. The Debtor believes that it is in material compliance with all of its duties under 11 U.S.C. §§ 521, 1106 and 1107 and all applicable guidelines of the Office of the United States Trustee.

5. The Bankruptcy Case is not a small business case within the meaning of 11 U.S.C. §101(51D).

6. The Bankruptcy Case is not a single asset real estate case within the meaning of 11 U.S.C. §101(51B).

7. In the event that the filing of a plan of reorganization is appropriate in the Bankruptcy Case, the Debtor anticipates that it will file a plan of reorganization and accompanying disclosure statement within the first 180 days after the Petition Date.

8. The Debtor respectfully requests that the Court fix the deadline for filing proofs of claims (the "Bar Date") in the Bankruptcy Case as sixty (60) days from the date of service of the notice of the Bar Date, except for the claims of governmental units which may be filed in accordance with the provisions of Rule of the Federal Rules of Bankruptcy Procedure.

9. The Debtor proposes that the deadline for filing objections to claims to be fixed pursuant to the provisions of any plan of reorganization confirmed in the Bankruptcy Case.

10. The Debtor proposes that the deadline for filing any avoidance actions be fixed pursuant to the provisions of any plan of reorganization confirmed in the Bankruptcy Case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of January 2015 at Newport Beach, California.

/s/ *Andrew B. Levin*
Andrew B. Levin

MAINDOCS-#208885-v1-Brand_Affinity_Case_Status_Report.doc

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: DEBTOR'S CASE STATUS REPORT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 15, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On January 15, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 15, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Attorney Service - Bin outside of Room 5097**
Honorable Scott C. Clarkson
Ronald Reagan Federal Bldg.
411 W. Fourth St.
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 15, 2015 | Melody Conour | /s/ Melody Conour |
|---|---|---|
| Date | Printed Name | Signature |

**NEF SERVICE LIST**
- **Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov
- **Andrew B Levin**   alevin@winthropcouchot.com, bayrelevin@hotmail.com;pj@winthropcouchot.com;mconour@winthropcouchot.com
- **Robert E Opera**   ropera@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;mconour@winthropcouchot.com
- **Steven G Polard**   stevenpolard@dwt.com, melissastrobel@dwt.com;Linapearmain@dwt.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

SERVICE VIA FIRST CLASS MAIL
(Unless NEF indicated)

| | | |
|---|---|---|
| Brand Affinity Technologies, Inc.<br>Attn: Mydung Tran, CFO<br>101 Academy, #101<br>Irvine, CA 92617 | Office of the U.S. Trustee<br>Nancy Goldenberg, Esq.<br>411 W. Fourth St., #9041<br>Santa Ana, CA 92701-4593 | Brand Affinity –<br>20 LargestSpecialNotice,RSN/CrtMan<br>Document No. 208293 |
| Professional Photo Storefronts, Inc.<br>Attn: Carlton Osborne<br>5221 Manila Avenue<br>Oakland, CA 94618 | Latham & Watkins, LLP<br>Attn: Cary Hyden<br>650 Town Center Dr., 20th Flr.<br>Costa Mesa, CA 92626-1925 | San Francisco Giants<br>Attn: Danny Dann<br>24 Willie Mays Plaza<br>San Francisco, CA 94107 |
| MLB.com<br>Attn: Brian Phillips<br>75 Ninth Ave., 5th Flr.<br>New York, NY 10011 | Barnes & Thornburg LLP<br>Attn: Thomas McWilliams<br>1000 N. West St., #1500<br>Wilmington, DE 19801 | AEG Live, LLC<br>Attn: General Counsel<br>5750 Wilshire Blvd., #501<br>Los Angeles, CA 90036 |
| SportsDirect, Inc.<br>Attn: John Morash<br>211 Horseshoe Lake Drive<br>Halifax, Nova Scotia B3S 0B9 Canada | FUJIFILM North America Corp.<br>W502044<br>Attn: Gregg Morrione<br>200 Summit Lake Drive<br>Valhalla, NY 10595-1356 | Philadelphia Phillies Attn: Joe Giles<br>Citizens Bank Park<br>One Citizens Bank Way<br>Philadelphia, PA 19148 |
| Boston Celtics<br>Attn: Theodore Dalton<br>226 Causeway St., 4th Flr.<br>Boston, MA 02114 | Detroit Tigers<br>Attn: Michael Healy<br>2100 Woodward Ave.<br>Detroit, MI 48201 | St. Louis Cardinals<br>Attn: William O. Dewitt, III<br>700 Clark Street<br>St. Louis, MO 63102 |
| Fanfoto LLC<br>Attn: Maria Leal<br>11901 W. 48th Ave.<br>Wheat Ridge, CO 80033 | Monumental Sports & Entertainment<br>Attn: Gary Kolker<br>601 F Street NW<br>Washington, DC 20004 | Angels Baseball LP<br>Attn: Robert Alvarado<br>2000 Gene Autry Way<br>Anaheim, CA 92806 |
| Level 3 Communications LLC<br>Attn: Louella Eustice<br>100 South Cincinnati Ave., #1200<br>Tulsa, OK 74103 | Harlem Globetrotters Int'l<br>Attn: Michael Syracuse<br>400 E. Van Buren, #300<br>Phoenix, AZ 85004 | FremantleMedia NA Inc.<br>Attn: Nicholas Dale<br>4000 W. Alameda Ave., 3rd Flr.<br>Burbank, CA 91505 |

MAINDOCS-#208885-v1-Brand_Affinity_Case_Status_Report.doc

| | | |
|---|---|---|
| Atlanta National League Baseball Club, Inc.<br>Attn: Derek Schiller<br>Turner Field<br>755 Hank Aaron Drive<br>Atlanta, GA 30315 | Yahchaaroah Lightbourne<br>c/o Robert B. Carey<br>Hagens Berman Sobol Shapiro LLP<br>11 West Jefferson Street, Suite 1000<br>Phoenix, Arizona 85003 | CBS Interactive<br>Attn: Patty Hirsch<br>28 E. 28th St., 10th Flr.<br>New York, NY 10016-7922 |
| Kansas City Royals<br>Attn: Brad Zollars<br>Kauffman Stadium<br>One Royal Way<br>Kansas City, MO 64129 | Steven G. Polard, Esq.    NEF<br>865 S. Figueroa Street, Suite 2400<br>Los Angeles, CA 90017-2566 | The Irvine Company<br>c/o Dean P Sperling, Esq.<br>Law Office of Dean P. Sperling<br>114 Pacifica, Ste.250<br>Irvine, CA 92618 |

CrtMan1/15/15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28